RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Earl Rigsby,            )<br>                                                 )<br>               Plaintiff,         )<br>                                                 )<br>vs.                                          )<br>                                                 )<br>State of Arizona, et al.,        )<br>                                                 )<br>               Defendants.  )<br>_____) | No. CV 11-1696-PHX-DGC (ECV)<br><br>**ORDER** |

Pending before the Court in this removed action are Plaintiff's "Writ Of Prohibition And Request For Appropriate Sanctions" (Doc. 5), "Motion To Vacate And Or Amend Order Of 09-08-2011 (With Affidavit)" (Doc. 7), and "Motion To Extend Time" (Doc. 9). The Court will deny Plaintiff's "Writ Of Prohibition And Request For Appropriate Sanctions" without prejudice, will require the Defendants to file a response to Plaintiff's "Motion To Vacate And Or Amend Order Of 09-08-2011 (With Affidavit)," and will grant Plaintiff's "Motion To Extend Time."

**I.     Procedural History**

On August 26, 2011, Defendant Jan Brewer filed a "Notice Of Removal Under 28 U.S.C. § 1441(B)" (Doc. 1) of this case from the Superior Court of Maricopa County, Arizona. By order filed September 8, 2011 (Doc. 6), the Court dismissed Plaintiff's Complaint (originally filed in the Maricopa County Superior Court and attached as Attachment 7 to Doc. 1) for failure to file on the court-approved form. Plaintiff was given 30 days from the filing date of the order to file a first amended complaint in compliance with the order.

**JDDL**

## II. Writ of Prohibition

On September 2, 2011, Plaintiff filed a pleading entitled "Writ Of Prohibition And Request For Appropriate Sanctions" (Doc. 5), in which he petitions the Court for the issuance of a "Writ of Prohibition." Plaintiff does not allege that he has served, or attempted to serve, a copy of this pleading on any of the named Defendants. Accordingly, the Court will deny the request for a "Writ of Prohibition" without prejudice.

## III. Motion to Vacate and or Amend Order

On September 16, 2011, Plaintiff filed a "Motion To Vacate And Or Amend Order Of 09-08-2011 (With Affidavit)" (Doc. 7), in which he moves the Court to "vacate and/or amend its Order of [September 8, 2011] dismissing the [C]omplaint," and to "enter its Order striking and/or dismissing Defendant Jan Brewer's Notice and/or Petition for Removal under 28 U.S.C. § 1441(B) with prejudice."

In support of his Motion, Plaintiff alleges in part that "U.S.C. at 28 U.S.C. § 1446(e) states in material part: Notice of removal together with a copy of the petition and bond are filed in the superior court 'and served upon the parties to the action.'" Plaintiff further alleges that he has "not been served with a copy of the Notice or petition" and that the Defendants' failure to serve him "with a copy of the Notice or Petition for removal denies [P]laintiff due process and/or access to the court, and is sufficient to deprive this [C]ourt of jurisdiction subject matter."

Plaintiff appears to be referring to an outdated version of 28 U.S.C. § 1446(e). The current version applies solely to the removal of a criminal prosecution and provides the procedure for issuing a writ of habeas corpus and taking the defendant or defendants into federal custody. However, the Court notes that the current version of another subsection, 28 U.S.C. § 1446(d), does apply to the removal of civil actions and provides that:

> Promptly after the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

It is unclear from the "Notice Of Removal Under 28 U.S.C. § 1441(B)" (Doc. 1)

1  (Notice of Removal) filed in the instant action if the Defendants complied with the
2  requirement of 28 U.S.C. § 1446(d) to give a written notice to Plaintiff. Plaintiff alleges that
3  they did not and has filed an "Affidavit" (Doc. 8) to that effect.

4      The "Certificate Of Service" included with the Notice of Removal states in relevant
5  part that:

6      The Notice of Electronic Filing was automatically sent to the following, who
    is not a registered participant of the electronic court filing system:
7
8      Raymond Earl Rigsby, #045300
    ASPC-Tucson, Santa Rita Unit
    P.O. Box 24406
9      Tucson, AZ 85734

10      It is not readily apparent to the Court what is meant by "automatically sent."
11  Accordingly, because it is unclear to the Court if Defendants complied with the requirements
12  of 28 U.S.C. § 1446 (d), the Court will require the Defendants to file a response to Plaintiff's
13  "Motion To Vacate And Or Amend Order Of 09-08-2011 (With Affidavit)" (Doc. 7) within
14  20 days from the filing date of this order. Plaintiff will be given 10 days from the filing date
15  of the response to file a reply if he so desires.

16  **IV.    Motion to Extend Time**

17      On October 11, 2011, Plaintiff filed a "Motion To Extend Time" (Doc. 9). In his
18  Motion, Plaintiff moves the Court for an extension of time to comply with the Court's
19  September 8, 2011 Order (Doc. 6), which gave him 30 days from the filing date of the order
20  to file a first amended complaint. Plaintiff asks that the time to file his first amended
21  complaint be extended to 30 days from the time that the Court rules on his "Motion To
22  Vacate And Or Amend Order Of 09-08-2011 (With Affidavit)" (Doc. 7). For good cause
23  shown, the Court will grant Plaintiff's Motion.

24  **V.    Warnings**

25      **A.    Address Changes**

26      Plaintiff must file and serve a notice of a change of address in accordance with Rule
27  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
28  relief with a notice of change of address. Failure to comply may result in dismissal of this

1  action.

2  **B.     Copies**

3  Plaintiff must submit an additional copy of every filing for use by the Court. See
4  LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
5  to Plaintiff.

6  **C.     Possible Dismissal**

7  If Plaintiff fails to timely comply with every provision of this Order, including these
8  warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
9  1260-61 (a district court may dismiss an action for failure to comply with any order of the
10 Court).

11 **IT IS ORDERED:**

12 (1)   Plaintiff's "Writ Of Prohibition And Request For Appropriate Sanctions"
13 (Doc. 5) is **denied without prejudice**.

14 (2)   Within **20 days** from the filing date of this Order, Defendants **must file a**
15 **response** to Plaintiff's "Motion To Vacate And Or Amend Order Of 09-08-2011 (With
16 Affidavit)" (Doc. 7).

17 (3)   Within **10 days** from the filing date of Defendant's response, Plaintiff **may file**
18 **a reply**.

19 (4)   Plaintiff's "Motion To Extend Time" (Doc. 9) is **granted**. Plaintiff has **30**
20 **days** from the time that the Court rules on his "Motion To Vacate And Or Amend Order Of
21 09-08-2011 (With Affidavit)" (Doc. 7) within which to file a first amended complaint that
22 complies with the Court's September 8, 2011 Order (Doc. 6).

23 (5)   **If** Plaintiff fails to timely file a first amended complaint, the Clerk of Court
24 **must**, without further notice, **enter** a judgment of dismissal of this action with prejudice.

25 DATED this 1st day of November, 2011.

26
27
28

David G. Campbell
United States District Judge