MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Earl Rigsby, | No. CV 11-1696-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

**I.  Procedural History**

On June 27, 2011, Plaintiff Raymond Earl Rigsby, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a Complaint in the Superior Court of Maricopa County, Arizona.  On August 26, 2011, Defendant Jan Brewer filed a Notice of Removal and removed the case to this Court.  On September 2, 2011, Plaintiff filed a document entitled "Writ of Prohibition and Request for Appropriate Sanctions," in which he requested that the Court issue a "Writ of Prohibition."

In a September 8, 2011 Order, the Court concluded that removal was appropriate because Plaintiff, in his Complaint, raised claims for violations of his constitutional rights under 42 U.S.C. § 1983.  The Court dismissed Plaintiff's Complaint, without prejudice, because Plaintiff had failed to file his Complaint on a court-approved form, as required by Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.

JDDL

On September 16, 2011, Plaintiff filed a "Motion to Vacate and or Amended Order of 09-08-2011 (with Affidavit)" (Doc. 7). In his Motion to Vacate, Plaintiff requested that the Court vacate or amend the September 2, 2011 Order and enter an order striking or dismissing the Notice of Removal. On October 11, 2011, Plaintiff filed a Motion to Extend Time, requesting that the Court grant him an extension of time to file his first amended complaint 30 days after the Court ruled on his Motion to Vacate.

In a November 1, 2011 Order, the Court denied without prejudice the September 2nd request for a "Writ of Prohibition," granted the Motion to Extend Time, gave Defendant 20 days to file a response to the Motion to Vacate, and gave Plaintiff 10 days after the response was filed to file a reply. The Court also allowed Plaintiff 30 days after the Court ruled on the Motion to Vacate to file his first amended complaint.

On November 8, 2011, Defendant filed her Response (Doc. 11). On November 18, 2011, Plaintiff filed his Reply (Doc. 12). On January 9, 2012, Plaintiff filed a "Petition for Writ of Prohibition" (Doc. 14).

**II.     Motion to Vacate**

In his Motion to Vacate, Plaintiff alleges three grounds for striking the Notice of Removal and remanding the case back to the state court.

### A.     Conflict of Interest

Plaintiff claims that the Arizona Attorney General is a defendant in this action but has also appeared as counsel for Defendant Brewer. Plaintiff asserts that the Court "lacks jurisdiction subject matter due to conflict of interest, due process." Plaintiff has cited nothing to explain how a conflict of interest between two defendants deprives the Court of subject matter jurisdiction.

### B.     Failure to Answer

Plaintiff claims that Defendants' failure to file a timely answer to the Complaint "is a default" or a violation of a statute of limitations and deprives the Court of subject matter jurisdiction. He is incorrect. A defendant's failure to answer in this case does not constitute

- 2 -

JDDL

a "default" or deprive the Court of jurisdiction. In fact, Congress specifically envisioned such a situation and addressed it in 42 U.S.C. § 1997e(g), which provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

### C. Failure to Serve Copy of Notice of Removal

Plaintiff claims that Defendant Brewer failed to serve him with a copy of the Notice of Removal, that this deprived Plaintiff of due process and access to the court and "is sufficient to deprive this Court of jurisdiction subject matter." The Court disagrees.

#### 1. Parties' Arguments

Plaintiff states in his Motion to Vacate that he appeared telephonically at a state court hearing in this matter on August 29, 2011, and was advised that the hearing would not proceed because Defendant Brewer had filed a Notice of Removal. He alleges that the following day he received a letter from the Clerk of Court for the United States District Court for the District of Arizona explaining that the case had been removed from the state court to this Court. Plaintiff alleges that the following day, August 31, 2011, he received an envelope from the Arizona Attorney General's Office that contained a copy of his complaint and other documents without explanation. Plaintiff claims that he has not been served with a copy of the Notice as required by 28 U.S.C. § 1446(e).

In her Response, Defendant Brewer states that after filing the Notice of Removal, a legal secretary at the Arizona Attorney General's Office mailed, on August 26th, a copy of the Notice of Removal to Plaintiff and also mailed to Plaintiff a copy of a "Notice to Adverse Party of Removal to Federal Court" that had been filed in the state court. Defendant Brewer asserts, therefore, that "Plaintiff received proper notice under the statute when he was mailed a copy of the notice of removal."

1  In his Reply, Plaintiff alleges that Defendant Brewer has failed to meet her burden of proving that she gave written notice to Plaintiff and that Plaintiff received it. He states that although he received on August 31st an envelope from the Arizona Attorney General's Office that contained his Complaint and other documents "without expla[]nation," he did not receive a copy of the Notice of Removal. He claims that he generally receives legal mail from the courts and attorneys the day after it is mailed, but even allowing extra time, he should have received a copy of the Notice of Removal by August 29th, but did not. He claims that the legal secretary's affidavit submitted by Defendant Brewer is insufficient to meet her burden of proof, in light of the affidavits and evidence Plaintiff has submitted.

### 2. Discussion

As the Court stated in its November 1, 2011 Order, Plaintiff has incorrectly relied on an outdated version of 28 U.S.C. § 1446(e). That subsection no longer relates to the removal of civil actions. As noted in the November 1st Order, the correct statute is 28 U.S.C. § 1446(d), which provides, in relevant part, that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants **shall give written notice thereof to all adverse parties**." (Emphasis added).

Although a defendant "bears the burden of establishing that removal is proper," Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), there is no dispute that Defendant Brewer was entitled to remove this case. To the extent that Defendant Brewer may not have provided Plaintiff with the notice required by § 1446(d), the Court finds that the "the alleged defect is harmless and, not being jurisdictional, creates no basis for remand." Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000).

To the extent Plaintiff believes he is entitled to be served with a copy of the Notice of Removal itself, he is incorrect. Section 1446(d) does not require service of the Notice of Removal, it simply requires that a defendant give written notice that the Notice of Removal has been filed. Runaj v. Wells Fargo Bank, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009) ("Section 1446(d) does not require 'formal' or 'personal' service of a notice of removal upon

1 a plaintiff; it merely requires 'written notice.'"). The legal secretary's affidavit sufficiently
2 demonstrates that she attempted to mailed a copy of the Notice of Removal to Plaintiff at his
3 prison address. This does not, however, clarify the issue of whether Plaintiff actually
4 received a copy of the Notice of Removal. His allegations and submitted evidence suggest
5 that he did not.

6 "Where defendants make a good faith effort to give notice, and where plaintiffs suffer
7 no prejudice as a result of the failure of that attempt, . . . the requirements of section 1446(d)
8 are sufficiently fulfilled to effect removal." L & O Partnership No. 2 v. Aetna Cas. and Sur.
9 Co., 761 F. Supp. 549, 552 (N.D. Ill. 1991). See also Busby v. Capital One, N.A. 759
10 F. Supp. 2d 81, 85-86 (D.D.C. 2011) (citing other recent authorities holding that a good faith
11 effort to provide written notice satisfies § 1446(d) absent any prejudice to the plaintiff).
12 Here, the Court finds that Defendant Brewer has demonstrated a good faith effort to give
13 notice. The affidavit she submitted states that a legal secretary at the Arizona Attorney
14 General's Office mailed a copy of the Notice of Removal to Plaintiff. Plaintiff does not
15 dispute that he received mail from the Arizona Attorney General's Office, just that it arrived
16 a few days later than he would have expected and did not contain a copy of the Notice of
17 Removal. It appears, therefore, that Defendant Brewer attempted to mail the Notice of
18 Removal to Plaintiff, although the Notice of Removal itself may not have been included in
19 the envelope.[1]

20 In addition, Plaintiff cannot credibly claim that he was prejudiced by not receiving
21 written notice from Defendant Brewer. As previously noted, § 1446(d) does not require that
22 a defendant send a copy of the notice of removal itself. Even if Plaintiff did not receive
23 written notice from Defendant Brewer, he did receive prompt notice that the case had been
24 removed. By Plaintiff's own admission, he received oral notice from the state court and a
25 written notice from this Court, both of which informed Plaintiff that a notice of removal had
26 been filed. To the extent that Plaintiff may not have received written notice of the removal

---

28 [1]The Court notes that Plaintiff's Complaint "and other documents that were previously filed with the state court" were attached to the Notice of Removal. See Doc. 1 at 2.

JDDL - 5 -

*from Defendant Brewer*, the Court finds that Plaintiff has not been prejudice by it. Remand of this case is therefore inappropriate. The Court will deny the Motion to Vacate.

### III. Petition for Writ of Prohibition

Plaintiff's Petition for Writ of Prohibition seeks to have the case remanded to the state court, sanctions, and his costs incurred in bringing the Petition and the Motion to Vacate. Plaintiff's claims in his Petition for Writ of Prohibition are essentially the same as those in his Motion to Vacate and Reply. Because the Court has denied the Motion to Vacate, the Court will also deny the Petition for Writ of Prohibition.

### IV. Time to File First Amended Complaint

In the Court's November 1, 2011 Order, the Court stated that Plaintiff would have 30 days from the time that the Court ruled on Plaintiff's Motion to Vacate within which to file a first amended complaint that complies with the Court's September 8, 2011 Order. Because this Order denies Plaintiff's Motion to Vacate, Plaintiff shall have 30 days from the date of this Order to file his first amended complaint.

### V. Warnings

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the September 8, 2011 Order and this Order, including these warnings, the Court may dismiss this action without further

notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Vacate (Doc. 7) is **denied**.

(2) Plaintiff's "Petition for Writ of Prohibition" (Doc. 14) is **denied**.

(3) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with the September 8, 2011 Order and this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 31st day of January, 2012.

David G. Campbell
United States District Judge