MDR

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Raymond Earl Rigsby, | No. CV 11-1696-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

**I.   Procedural History**

On June 27, 2011, Plaintiff Raymond Earl Rigsby, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a Complaint in the Superior Court of Maricopa County, Arizona. On August 26, 2011, Defendant Jan Brewer filed a Notice of Removal and removed the case to this Court. On September 2, 2011, Plaintiff filed a document entitled "Writ of Prohibition and Request for Appropriate Sanctions," in which he requested that the Court issue a "Writ of Prohibition."

In a September 8, 2011 Order, the Court concluded that removal was appropriate because Plaintiff, in his Complaint, raised claims for violations of his constitutional rights under 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint, without prejudice, because Plaintiff had failed to file his Complaint on a court-approved form, as required by Local Rule of Civil Procedure 3.4. The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.

**JDDL**

On September 16, 2011, Plaintiff filed a "Motion to Vacate and or Amended Order of 09-08-2011 (with Affidavit)." In his Motion to Vacate, Plaintiff requested that the Court vacate or amend the September 2, 2011 Order and enter an order striking or dismissing the Notice of Removal. On October 11, 2011, Plaintiff filed a Motion to Extend Time, requesting that the Court grant him an extension of time to file his first amended complaint 30 days after the Court ruled on his Motion to Vacate.

In a November 1, 2011 Order, the Court denied without prejudice the September 2nd request for a "Writ of Prohibition," granted the Motion to Extend Time, gave Defendant 20 days to file a response to the Motion to Vacate, and gave Plaintiff 10 days after the response was filed to file a reply. The Court also allowed Plaintiff 30 days after the Court ruled on the Motion to Vacate to file his first amended complaint.

On November 8, 2011, Defendant filed her Response. On November 18, 2011, Plaintiff filed his Reply. On January 9, 2012, Plaintiff filed a "Petition for Writ of Prohibition."

In a January 31, 2012 Order, the Court denied Plaintiff's Motion to Vacate and Plaintiff's Petition for Writ of Prohibition. The Court gave Plaintiff 30 days from the date of this Order to file his first amended complaint.

On February 13, 2012, Plaintiff file a Notice of Change of Judge, which the Court denied in a February 23, 2012 Order. On February 16, 2012, he filed a Notice of Appeal from the January 31st Order. On February 27, 2012, Plaintiff filed a Motion for Extension of Time (Doc. 23).

## II.    Jurisdiction–Notice of Appeal

Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act

1 until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508
2 F.3d 905, 908 (9th Cir. 2007). In such a case, the district court "may disregard the purported
3 notice of appeal and proceed with the case, knowing that it has not been deprived of
4 jurisdiction." Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir.
5 1966).

6 In the Court's January 31st Order, the Court denied Plaintiff's request to remand the
7 case back to state court. The Order is not an appealable final order under 28 U.S.C. § 1291.
8 Caterpillar Inc v. Lewis, 519 U.S. 61, 74 (1996). The Order is not an interlocutory order
9 generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement
10 necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b).
11 Because Plaintiff's February 16th Notice of Appeal refers to a non-appealable interlocutory
12 order, Plaintiff's Notice of Appeal did not divest the Court of jurisdiction.

13 **III.   Pending Motion**

14 In his Motion for Extension of Time, Plaintiff seeks a 45-day extension of time to file
15 his first amended complaint. The Court, in its discretion, will partially grant the Motion.
16 The Court finds Plaintiff's request for a 45-day extension to be unreasonably long. Plaintiff
17 has been on notice since the Court issued its September 8, 2011 Order that he needed to file
18 an amended complaint on a court-approved form. The Court, therefore, will grant Plaintiff
19 an additional 30 days to file his first amended complaint.

20 **IV.   Warnings**

21     **A.   Address Changes**

22 Plaintiff must file and serve a notice of a change of address in accordance with Rule
23 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
24 relief with a notice of change of address. Failure to comply may result in dismissal of this
25 action.

26 . . . .
27 . . . .
28 . . . .

JDDL

- 3 -

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the September 8, 2011 Order and this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Extension of Time (Doc. 23) is **granted in part**; the Court will grant Plaintiff a 30-day (rather than 45-day) extension of time.

(2)     Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with the September 8, 2011 Order and this Order.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 6th day of March, 2012.

*David G. Campbell*
United States District Judge

- 4 -