SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Rigsby,<br><br>                    Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>                    Defendants. | No.  CV 11-1696-PHX-DGC (JFM)<br><br><br>**ORDER** |

On July 29, 2013, Plaintiff filed a second Motion for a Temporary Restraining Order and Preliminary Injunction; his first such motion was denied on March 28, 2013. (Docs. 116, 91.)  Defendants oppose the motion.  (Doc. 126.)  The Court will deny the Motion.

**I.    Background**

The Court screened Plaintiff's Third Amended Complaint and Supplement and determined that Count I stated a claim against Defendants Schriro, Ryan, Warden Unknown, Reeder, Walker, Davenport, Jacobs, Bock, and Bradley. (Doc. 59.)  The Court dismissed Counts II and III and the remaining Defendants.  (*Id.*)

In Count I, Plaintiff asserts that Schriro and Ryan seldom segregate dangerous inmates from general population inmates or each other and that other Defendants seldom enforce ADC disciplinary policy or refer to appropriate authorities those inmates who violate ADC's disciplinary policy or state criminal statutes by threatening, extorting, or assaulting other inmates.  (Doc. 57.)

Plaintiff alleges that dangerous inmates imposed and continue to impose "prison gang rules" on Plaintiff and that Defendants are aware of these prison gang rules. At different facilities, he is confined in a small two-man cell for 18-22 hours a day.  Plaintiff claims that the units were grossly understaffed and overcrowded, that security corrections officers seldom made security walks to supervise inmates and monitor their behavior, and that inmate-on-inmate violence occurred daily.  He claims that the double bunks obscured prison officials' view of inmates and their behavior; that security officers fell asleep on duty and seldom made security walks; and that inmate tension, hostilities, and noise levels were high.  Plaintiff asserts that Defendants had knowledge of the substantial risk of serious harm Plaintiff faced while confined in the described conditions.  Plaintiff claims that, as a result of the substantial risk of serious harm, "numerous inmates (including Plaintiff, although this is not a claim herein)" were brutally assaulted, died, had property losses, and suffered mental and psychological injuries or the exacerbation of preexisting mental and psychological injuries.  Plaintiff contends that Defendants failed to take reasonable steps to correct the substantial risk of serious harm and violence.  (*Id.*)

**II.**     **Preliminary Injunction**

    **A.**     **Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)).  An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A Request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox. Co.*, 434 U.S.

1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1982).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134-35 (9th Cir. 2011), citing *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc).  This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another.  "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135

The movant has the burden of proof on each element of the test.  *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  In addition, because the function of a preliminary injunction is to preserve the status quo pending a determination on the merits, *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo.  *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").  Generally, an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit" (*id.*, citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)).

The Prison Litigation Reform Act (PLRA) also imposes requirements on prisoner litigants who seek preliminary injunctive relief against prison officials.  "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means

1    necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Thus, § 3626(a)(2) limits the

2    court's power to grant preliminary injunctive relief to inmates; "no longer may courts

3    grant or approve relief that binds prison administrators to do more than the constitutional

4    minimum."  *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

5                   **B.      Discussion and Analysis**

6            Plaintiff' motion does not specify the relief he seeks, but his memorandum asks

7    the Court to enter an order against Defendants, their successors, agents and employees

8    directing them to "provide Plaintiff safety, protection, human[e] conditions, and adequate

9    grievance papers and grievance staff access, adequate outside exercise."  (Doc. 117 at 5.)

10   Plaintiff fails to demonstrate irreparable harm or a likelihood of success on the merits.

11           Some of the relief sought in the motion is not of the same character as the issues in

12   the lawsuit or relates to dismissed Counts – the requests regarding grievance papers and

13   the adequacy of outdoor exercise.  In addition, there is no evidence to support a TRO or

14   preliminary injunction.  Plaintiff relies solely on the allegations in his Third Amended

15   Complaint.  (Doc. 117 at 3.)  For Plaintiff's previous motion, he submitted an affidavit

16   stating that he was assaulted three times on the same day in July 2004.  (Doc. 37, Pl. Aff.

17   ¶¶ 10-15.)  The Court noted that these assaults occurred almost nine years ago and were

18   insufficient to establish a threat of irreparable harm in 2013.  Plaintiff offers no specific

19   evidence of harm in this motion, and "[s]peculative injury does not constitute irreparable

20   injury sufficient to warrant granting a preliminary injunction."  *See Caribbean Marine*

21   *Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

22           As to likelihood of success on the merits of his underlying claims, because

23   Plaintiff submits no evidence, the Court cannot find a likelihood of success.  As with

24   Plaintiff's first motion, Plaintiff provides citations to case law but no facts, only

25   conclusory allegations.  And as the Court noted in its previous order, without more, a

26   claim of overcrowding is not cognizable under § 1983.  *Toussaint v. Yockey*, 722 F.2d

27   1490, 1492 (9th Cir.1984), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  Only if

28   overcrowding is combined with other factors such as violence or inadequate staffing does

1   it rise to an Eighth Amendment violation.  *Balla v. Idaho State Bd. of Corr.*, 869 F.2d

2   461, 471 (9th Cir. 1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246-49 (9th Cir. 1982).

3   There is no Eighth Amendment violation if inmates' basic needs are separately met.  In

4   other words, conditions that satisfy Eighth Amendment requirements cannot in

5   combination amount to an Eighth Amendment violation.  *Hoptowit*, 682 F.2d at 1247.

6   Plaintiff fails to establish that the conditions of his confinement are unconstitutional.

7          Finally, the relief sought is far too broad and general to satisfy the restrictions of

8   the PLRA.  *See* 18 U.S.C. § 3626(a)(2).

9          **IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to

10  Plaintiff's "Motion for a TRO and a Preliminary Injunction" (Doc. 116), and it is **denied**.

11         Dated this 4th day of September, 2013.

14  _____

15                    David G. Campbell
                 United States District Judge

- 5 -