1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Raymond Earl Rigsby,
Plaintiff
-vs-
State of Arizona, et al.,
Defendants.

CV-11-1696-PHX-DGC (JFM)

**Report and Recommendation**
**Re Dismissal of Unserved Defendants**

11   <u>**Failure to Timely Serve**</u> - In the Order filed November 1, 2013 (Doc. 154), the

12   Court ordered Plaintiff to file a memorandum showing cause why Defendants Reeder

13   and Schriro should not be dismissed without prejudice for failure to effect service.

14   Federal Rule of Civil Procedure 4(m) provides:

15          If a defendant is not served within 120 days after the complaint is
16          filed, the court--on motion or on its own after notice to the plaintiff-
             -must dismiss the action without prejudice against that defendant or
17          order that service be made within a specified time. But if the
             plaintiff shows good cause for the failure, the court must extend the
18          time for service for an appropriate period.

19   Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides

20   that service shall be completed by the "maximum date to effect service, pursuant to Rule

21   4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order,

22   whichever is later."   In addition, the Court's Scheduling Order, filed April 17, 2013

23   (Doc. 101) advised Plaintiff that the presumptive maximum service date was March 4,

24   2013.

25   On May 2, 2013, the Court observed outstanding service against a number of

26   defendants and issued an Order to Show Cause (Doc. 105), directing Plaintiff to show

27   cause why the unserved defendants should not be dismissed. Plaintiff responded (Doc.

28   106) and the Court directed counsel for Defendant Ryan to provide last known addresses

1

1   (Doc. 107). Defendants complied (Docs. 108 and 109). Renewed service on Defendant

2   Reeder was again attempted and returned unexecuted on June 19, 2013 (Doc. 111). Since

3   then, Plaintiff has taken no action to serve Defendant Reeder.

4        Renewed service on Defendant Schriro was returned unexecuted on October 29,

5   2013 (Doc. 153), with the indication that the New York U.S. Marshals Office reported

6   that they couldn't provide service at the New York Department of Corrections address

7   provided, because "needs Badge number for the facility to accept service." (Doc. 153.)

8   Service on Defendant Schriro had been outstanding since July 10, 2013. Plaintiff had

9   taken no action to follow up on or otherwise pursue such service.

10       In the Order filed November 1, 2013 (Doc. 154), the Court ordered Plaintiff to

11  show cause why Defendants Reeder and Schriro should not be dismissed without

12  prejudice for failure to effect service, and further directed that with regard to Defendant

13  Schriro that any response should reflect diligence on the part of Plaintiff to pursue

14  service, and a plan and viable prospects on completing service in the next 60 days.

15       Plaintiff has not responded, and the time to respond expired on November 15,

16  2013.

17       **Application of Law to Facts** - Dismissal of a party is appropriate where a

18  plaintiff fails to show good cause for delays in service.  *See Walker v. Sumner,* 14 F.3d

19  1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in

20  service).

21       At a minimum, "good cause" means excusable neglect. A plaintiff
     may also be required to show the following: (a) the party to be
     served personally received actual notice of the lawsuit; (b) the
22   defendant would suffer no prejudice; and (c) plaintiff would be
     severely prejudiced if his complaint were dismissed.

23
     *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

24
25       Notwithstanding Rule 4(m), where "good cause does not exist, the court may in

     its discretion decide whether to dismiss the case without prejudice or extend time for
26
     service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f
27
     good cause is not established, the district court may extend time for service upon a
28

                                          2

showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, Plaintiff has failed to proffer any good cause or excusable neglect.

The Court finds no basis to find either.

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997).  *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

Danger of Prejudice to Unserved Defendant – These defendants, if eventually served, would be brought into litigation in which all essentially deadlines either are expired or soon will be.  For example, under the current scheduling order, discovery requests deadlines expired November 15, 2013, and the dispositive motions deadline is January 10, 2014.  (Order 11/1/13, Doc. 154.)

Length of Delay and Impact - Over five months have expired since service on Defendant Reeder was returned unexecuted, and one month since service on Defendant Schriro was returned unexecuted.  To extend the time for service, and to introduce a new defendant would effectively mean resetting the schedule in this case.  This case is already over 27 months  old, the original time for service expired almost eight months ago, and the case is nearing completion, with the extended discovery and motions deadlines about to expire.

Reason for Delay – Plaintiff proffers no reason for his delay. Prejudice to the opposing parties would result from the 11th hour addition of a new defendant, on a

1  separate claim not being litigated by the other parties. Prejudice to the new defendant

2  would mirror the prejudice to the existing defendants, whose cases would be ready to

3  proceed to dispositive motion and/or trial by the time a new defendant were added and

4  served.

5          <u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad

6  faith, as opposed to simply being dilatory.

7          **<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify

8  an extension of time to complete service on Defendants Reeder and Schriro.

9          **IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m),

10  Defendants Reeder and Schriro be **DISMISSED WITHOUT PREJUDICE**.

11

12  **EFFECT OF RECOMMENDATION**

13          This recommendation is not an order that is immediately appealable to the Ninth

14  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

15  *of Appellate Procedure*, should not be filed until entry of the district court's judgment.

16          However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall

17  have fourteen (14) days from the date of service of a copy of this recommendation within

18  which to file specific written objections with the Court.  Thereafter, the parties have

19  fourteen (14) days within which to file a response to the objections.  Failure to timely file

20  objections to any findings or recommendations of the Magistrate Judge will be

21  considered a waiver of a party's right to *de novo* consideration of the issues,  *see United*

22  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute

23  a waiver of a party's right to appellate review of the findings of fact in an order or

24  judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v.*

25  *Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

26  Dated: December 4, 2013

        11-1696o Order 13 12 04 re OSC FTSrv.docx

27                                        James F. Metcalf

                              United States Magistrate Judge

28

4